**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JUAN M. GAMEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-517-XR |
| | § | |
| HOSPITAL KLEAN OF TEXAS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day the Court considered Defendant's Opposed Motion to Set Aside Clerk's Entry of Default (Doc. No. 15) and the parties' briefs in support and in opposition thereof. For the following reasons, the Court GRANTS the motion.

**I. Background**

This case was initiated when Plaintiff Juan M. Gamez ("Plaintiff") filed his original complaint in this Court on May 24, 2012. Plaintiff alleges that Defendant Hospital Klean of Texas, Inc. ("Defendant") subjected him to unfair terms, conditions, and privileges of employment because of his disability and that his disability was a "determining reason" for his termination. Plaintiff asserts a claim for relief under the Americans with Disabilities Act ("ADA") and seeks actual damages, including lost income and employment benefits, exemplary damages, costs, attorney's fees, and equitable relief "in the form of an injunction, requiring defendant to reinstate plaintiff to his position of employment, free from disability discrimination, with all appropriate retroactive job-related benefits and reasonable attorney

1

fees, or alternatively, back pay, front pay, reasonable attorney fees, and other necessary equitable relief."[1]

After more than 120 days had passed and Defendant had not been served, the Court issued a show cause order.[2] Plaintiff responded to the show cause order by filing both a response,[3] in which Plaintiff explained that he had unsuccessfully attempted to procure a signed "waiver of summons" and that a process server had made several unsuccessful attempts to effect service on Defendant, and a motion for substituted service.[4] The Court granted Plaintiff's motion for substituted service of summons and, pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and Texas Rule of Civil Procedure 106, permitted Plaintiff to serve Defendant by affixing a summons and a copy of the complaint to the front door of Defendant's registered agent's address.[5] Service was executed on Defendant on January 18, 2013.[6] After Defendant failed to timely file an answer or otherwise appear, the Clerk entered default as to Defendant on February 13, 2013.[7] The Court set an evidentiary hearing on damages for Wednesday, April 10, 2013.[8]

On February 20, 2013, Defendant appeared by filing both a motion to set aside the Clerk's entry of default and a motion for leave to file an answer.[9] Defendant contends that good cause exists to set aside the Clerk's entry of default because Defendant's failure to answer resulted from a "good faith" mistake rather than from willful, intentional, or

---

[1] (*See* Compl. ¶¶ 10-11 and Prayer ¶¶ 1-7.)
[2] (Doc. No. 6.)
[3] (Doc. No. 7.)
[4] (Doc. No. 8.) Plaintiff subsequently filed a motion to recover expenses and reasonable attorney's fees incurred in securing service of summons on Defendant pursuant to Federal Rule of Civil Procedure 4(d)(2). (*See* Doc. No. 10.) Plaintiff's motion remains pending.
[5] (Doc. No. 9.)
[6] (*See* Doc. No. 11.)
[7] (Doc. No. 13.) Defendant's answer was due on February 8, 2013.
[8] (*See* Doc. No. 14.)
[9] (Doc. Nos. 15 and 16.)

inexcusable neglect, because Defendant has meritorious defenses, and because Plaintiff will not be prejudiced if the entry of default is set aside. Plaintiff filed a response in opposition to the motion and Defendant filed a reply.

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) states that a court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)). However, these factors are neither "talismanic" nor exclusive, and courts have relied on "other factors including whether: (1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *Id.* at 184 (citations omitted). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

Importantly, the Fifth Circuit has noted that courts "universally favor trial on the merits" and that default judgments are "generally disfavored in the law." *Id.* at 183 (internal quotation marks omitted); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). "Thus, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'"

*Lacy*, 227 F.3d at 292 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

Ultimately, "the decision to set aside a default is committed to the sound discretion of the trial court." *Dierschke*, 975 F.2d at 183.

### III. Analysis

#### A. Whether the Default was Willful

Defendant contends that its failure to answer was an inadvertent clerical mistake. Specifically, Defendant contends that it failed to properly calendar the answer date. Plaintiff does not dispute that after service was executed on Defendant, Defendant's failure to timely answer was the result of an inadvertent calendaring error. Thus, because the failure to timely file an answer was not willful, this factor weighs in favor of setting aside the entry of default.

#### B. Prejudice to Plaintiff

Defendant contends that setting aside default would not prejudice Plaintiff because Plaintiff has known "since the inception of this dispute that its claim is disputed" in light of the fact that Defendant filed a response when a complaint was filed before the Equal Employment Opportunity Commission ("EEOC"). Defendant also argues that no prejudice exists because default was recorded just seven days before the motion to set aside was filed. In his response, Plaintiff does not indicate how he might be prejudiced by the default being set aside.

The Fifth Circuit has held:

> There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained . . . without a trial and by default. All that . . . has [been] done is to give the defendants their day in court.

> Thus, mere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.

*Lacy*, 227 F.3d at 293 (alterations in original) (internal citations and quotation marks omitted).

Applying the Fifth Circuit's holding to this case, the Court finds that Plaintiff will not suffer prejudice from the default being set aside. Plaintiff does not argue, and there is no indication, that setting aside the Clerk's entry of default will somehow adversely affect the discovery process, impair Plaintiff's ability to litigate his case, or encourage fraud or collusion. Although the Court recognizes that Plaintiff may have suffered some monetary prejudice by incurring costs and attorney's fees to obtain the entry of default, in the past this Court has held that the Court's power to award attorney's fees can cure monetary prejudice resulting from default. *See Duran v. City of Eagle Pass*, No. SA-10-CA-504-XR, 2011 WL 294478, at *8 (W.D. Tex. Jan. 26, 2011). In this case, it is particularly clear that any monetary prejudice resulting from the default can be cured because, in its motion to set aside, Defendant offers to reimburse Plaintiff "for the reasonable attorneys' fees incurred in obtaining the default judgment" in order "to negate any possible prejudice issue."[10]

Accordingly, the Court finds that Plaintiff will not suffer unfair prejudice from the entry of default being set aside. This factor therefore weighs in favor of granting Defendant's motion.

---

[10](*See* Mot. Set Aside ¶ 13, Doc. No. 15.) In his response brief, Plaintiff does not specifically address Defendant's offer for reimbursement of attorney's fees. Rather, Plaintiff's only reference to attorney's fees is in a broad statement at the end of his response in which he requests that Defendant's "motion to set aside entry of default be denied, and that he have his attorney fees and any other relief which the Court deems appropriate." (*See* Response ¶ 12, Doc. No. 17.) Because Plaintiff has not specifically requested reimbursement for, or provided documentation of, the costs and fees he incurred to secure the entry of default, the Court declines to consider whether a fee award is appropriate at this time. Plaintiff should discuss the issue of reimbursement with Defendant and, if the parties cannot reach an agreement, Plaintiff may file a separate motion to request reimbursement for costs and attorney's fees incurred in securing the entry of default.

**C. Meritorious Defense**

Defendant contends that it has a meritorious defense. Specifically, Defendant contends that Plaintiff violated the guidelines of employment under a collective bargaining agreement and that the statute of limitations bars Plaintiff's lawsuit because ninety days expired between the date Plaintiff received the notice of right to sue from the EEOC and the date Plaintiff filed his lawsuit in this Court.

Plaintiff argues that the defenses do not have merit because Plaintiff timely filed his lawsuit within ninety days of receiving a notice of right to sue, because Plaintiff filed his suit "well within the two year period of limitations for the claims he brings," and because the "only mandatory administrative remedy applicable to Gamez is the requirement that he file a charge timely with the Equal Employment Opportunity Commission."[11]

The Fifth Circuit has held that "[e]ven in the absence of willful neglect by the defendant or unfair prejudice to the plaintiff, a district court may have the discretion not to upset a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Lacy*, 227 F.3d at 293. In determining whether a meritorious defense exists, '[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (alterations in original) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). It is axiomatic that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

---

[11] (Response ¶¶ 10-12.)

Plaintiff's original complaint does not point to a specific provision of the ADA that was allegedly violated. However, the Court notes that the "ADA prohibits discrimination in employment against qualified persons with a disability." *Dupre v. Charter Behavioral Health Systems of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001). The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* discrimination claim under the ADA, a plaintiff "must show that she was disabled, was qualified for the job, and was the subject of an adverse employment action because of her disability." *Dupre*, 242 F.3d at 613.

From the current record in this case, the Court cannot find that Defendant's proposed defenses completely lack merit. In its proposed answer, Defendant denies several allegations that are crucial to Plaintiff's claim. For example, Defendant denies that Plaintiff's disability was a determining reason for terminating Plaintiff and Defendant also denies that Plaintiff was subjected to unfair terms, conditions, and privileges of employment because of his disability. No evidence has been introduced to refute Defendant's contentions. Furthermore, the right to sue notice is not in the record so the Court cannot determine whether this lawsuit was in fact timely filed. Accordingly, the Court cannot conclude that Defendant lacks a meritorious defense.

**D. Public Interest**

Neither party suggests that significant public interest concerns are implicated in this case and the Court does not ascertain any such implications from the record. This factor is therefore neutral.

**E. Significant Financial Loss**

The Court has not yet entered a judgment on damages in this case. Accordingly, this factor neither weighs against or in favor of setting aside the default.

**F. Whether Defendant Acted Expeditiously**

Defendant contends, and Plaintiff does not dispute, that Defendant filed its motion to set aside just seven days after learning of the Clerk's entry of default. The record also demonstrates that Defendant appeared just seven days after default was entered and less than two weeks after the answer deadline expired. Because such a short time span elapsed between the entry of default and the date when Defendant appeared by filing both its motion to set aside and its motion for leave to file an answer, the Court finds that Defendant acted expeditiously to redress its calendaring error. This factor therefore weighs in favor of setting aside the entry of default.

**G. Other Relevant Considerations**

***i. Plaintiff's Argument that the Entry of Default Should Not Be Set Aside in Light of Defendant's "Manifest Disregard of the Federal Rules of Civil Procedure."*** Plaintiff argues that Defendant's motion to set aside the Clerk's entry of default "ignores the reason for entry of default, which is that defendant repeatedly, over a period of months, ignored the requirements of Rule 4, Federal Rules of Civil Procedure, to sign and return a waiver of

8

summons."[12] Plaintiff asserts that, pursuant to Rule 4, he sent documents to Defendant's registered agent both by first class mail and by certified mail requesting that Defendant return a signed waiver of summons and that he also contacted Defendant's registered agent by telephone and left a message explaining the importance of returning a signed waiver of summons. Plaintiff further contends that Defendant evaded multiple service attempts by the process server. Plaintiff argues that Defendant's "repeated failure to honor the requirements of Rule 4[] has bordered on contempt" and that entry of default should not be set aside in light of Defendant's "manifest disregard of the Federal Rules of Civil Procedure."[13]

In reply, Defendant argues that it did not purposefully ignore service and that it acted in good faith to comply with the Federal Rules of Civil Procedure. In support of its position, Defendant attached to its reply the affidavit of Christopher Flores, an officer of Defendant Hospital Klean.

At this time, the Court need not resolve whether Defendant had good cause for failing to return a signed waiver of service or whether Defendant intentionally evaded the process server.[14] The Fifth Circuit has held that willful evasion of process is not sufficient to support an entry of default. *See Lacy*, 227 F.3d at 292 & n.5 (holding that although a finding of willful default "ends the inquiry" as to whether good cause exists to set aside a default, by contrast, a finding of "willful evasion of process is not grounds to support entry of default judgment"). As described above, Plaintiff does not suggest that Defendant willfully failed to answer after service was properly executed. Rather, after service was executed, the record demonstrates

---

[12] (Response ¶ 1, Doc. No. 17.)
[13] (Response ¶¶ 2, 12, Doc. No. 17.)
[14] In addition to discussing the issue of reimbursement for costs and attorney's fees incurred in securing the entry of default, as directed to do in footnote ten, *supra*, the parties should also discuss the issue of potential reimbursement for expenses incurred in executing service.

that Defendant failed to timely appear because of an inadvertent calendaring mistake. Accordingly, Plaintiff's argument that the motion to set aside should be denied because of Defendant's "manifest disregard of the Federal Rules of Civil Procedure" is overruled.

   ***ii. Defendant Appears Ready to Actively Defend the Lawsuit.*** Taking into account the principle that "any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits,"[15] the Court finds that it is especially appropriate to set aside the Clerk's entry of default in this case because Defendant has retained counsel and appears to be prepared to actively defend the claims asserted against it.

## IV. Conclusion

   In light of the foregoing analysis, the Court finds that there is good cause to set aside the Clerk's entry of default. Accordingly, Defendant's Opposed Motion to Set Aside Clerk's Entry of Default (Doc. No. 15) is GRANTED.

   As a result of the Court's holding, the Court hereby ORDERS as follows:

   The Clerk's entry of default as to Defendant Hospital Klean of Texas, Inc. (Doc. No. 13) is VACATED.

   Plaintiff's motion for default judgment (Doc. No. 12) is DENIED.

   The evidentiary hearing on damages set for April 10, 2013 is VACATED.

   Defendant's motion for leave to file an answer (Doc. No. 16) is GRANTED. The Clerk is therefore DIRECTED to docket Defendant's answer.

   Plaintiff's Motion for Expenses for Defendant's Failure to Waive Service of Summons (Doc. No. 10) remains pending. Defendant shall file a response to Plaintiff's motion for expenses by no later than **March 28, 2013.**

---

[15] *Lacy*, 227 F.3d at 292.

It is so ORDERED.

SIGNED this 14th day of March, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE